# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BRIANNA TOWER, Administrator of the Estate of Elijah Tower, Deceased )<br><br>Plaintiff. )<br><br>v. )<br><br>THE UNITED STATES OF AMERICA )<br>c/o Merrick Garland, Esq. )<br>United States Attorney General )<br>United States Department of Justice )<br>900 Pennsylvania Ave., NW )<br>Washington, DC 20530 )<br><br>And )<br><br>OHIOHEALTH CORPORATION, INC. )<br>3430 OhioHealth Pkwy )<br>Columbus, Ohio 43202 )<br><br>And )<br><br>MIA KNAPP, RN )<br>c/o OhioHealth Corporation, Inc. )<br>3430 OhioHealth Pkwy )<br>Columbus, Ohio 43202 )<br><br>Defendants. )<br>) | Case No.:<br><br>JUDGE<br><br><br><br>**COMPLAINT**<br><br><br><br>**(JURY TRIAL DEMANDED)** |

## INTRODUCTION

1. This action arises out of the birth of Elijah Tower at OhioHealth Mansfield Hospital (OhioHealth) on November 2, 2021, and his death on November 3, 2021.

2. At all times relevant hereto, the delivering obstetrician, Carolyn Chambers, MD, (Chambers) was an employee of Third Street Community Clinic (Third Street) a Federally Supported Health Center.

3. At all times relevant hereto, Mia Knapp, RN (Knapp) was an employee of OhioHealth and provided assistance to Chambers during the subject labor and birth.

4. Under the Federally Supported Health Centers Assistance Act, 42 U.S.C. Section 233(a)-(n), the Department of Health and Human Services has deemed Third Street and Chambers were employees of the Public Health Service on November 2, 2021.

## JURISDICTION AND VENUE

5. This Honorable Court has jurisdiction over this action against The United States pursuant to 28 U.S.C. Sections 1346(b)(1) and 1402.

6. This Honorable Court has jurisdiction over this action against OhioHealth and Knapp pursuant to U.S.C. Section 1367(a), as the claims "are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy."

7. Plaintiff filed her administrative tort claim with the Department of Health and Human Services (HHS) under the Federal Tort Claims Act (FTCA), 28 U.S.C. Sections 1346(b), 2401(b), 2671-80, on November 1, 2023.

8. On February 28, 2024, HHS issued its final determination of Plaintiff's administrative tort claim, denying said claim.

9. Venue in this Court is proper as Third Street and Chambers reside within this District.

## WRONGFUL DEATH, OHIO REVISED CODE § 2125.01 ET SEQ

10. Plaintiff, Brianna Tower, administrator of the estate of her deceased son Elijah Tower, brings this cause of action pursuant to Ohio Revised Code § 2125.01 et seq, for the exclusive benefit of the next of kin of Elijah Tower.

11. At all times relevant here to, Plaintiff Brianna Tower was a patient of Third Street and Chambers for purposes of the management of her pregnancy and prenatal care.

12. Chambers and Brianna Tower decided to schedule a repeat caesarean section on November 4, 2021 at OhioHealth Mansfield Hospital.

13. However, on November 2, 2021, Brianna Tower went into labor and was admitted to OhioHealth Mansfield Hospital for a repeat cesarean section.

14. Once admitted to OhioHealth Mansfield Hospital, Brianna Tower was under the care of Chambers, Knapp and other agents and employees of OhioHealth during the performance of the cesarean section surgery.

15. During the performance of the cesarean section, Chambers applied a vacuum device to remove the fetal head from the pelvis.

16. Chambers applied the vacuum device to the wrong part of the fetal head and utilized excessive suction and traction to remove the fetal head from the pelvis all in violation of the standard of care.

17. These actions by Chambers constitute breaches of the standard of care in that she failed to exercise that degree of care, skill and diligence ordinarily exercised by reasonable careful, diligent, and prudent obstetricians under the same or similar circumstances.

18. Knapp failed to exercise that degree of care skill and diligence ordinarily exercised by reasonably careful, diligent and prudent labor and delivery nurses under the same or similar circumstances in that she failed to advocate for proper and safe placement of the vacuum device, failed to advocate for proper and safe suction pressure and failed to advocate for the proper and safe of traction.

19. As a direct and proximate result of the negligence and deviations from the standards of care by Chambers and Knapp, Elijah Tower suffered a massive subgaleal hemorrhage resulting in profound anemia, profound metabolic acidosis and disseminated intravascular coagulopathy resulting in his death on November 3, 2021.

20. Wherefore, Plaintiff prays for damages against the United States, OhioHealth and Knapp in an amount that will fully compensate the next of kin of Elijah Tower pursuant to the Ohio Wrongful Death Statute in an amount in excess of seventy-five thousand dollars ($75,000).

## **AFFIDAVIT OF MERIT**

21. Pursuant to Rule 10(D)(2) of the Ohio Rules of Civil Procedure, the affidavit of merit of Mark B. Landon, MD is appended hereto.

Respectfully submitted,

*/s/ John A. Lancione*
JOHN A. LANCIONE #0040202
THE LANCIONE LAW FIRM, LLC
619 Linda Street, Suite 201
Rocky River, Ohio 44116
Phone: 440-331-6100
Fax:    440-331-6101
Email: jal@lancionelaw.com

*Attorney for Plaintiff Brianna Tower, Executor of the Estate of Elijah Tower, Deceased*

STATE OF OHIO            )
                         ) SS        **AFFIDAVIT OF MERIT**
COUNTY OF FRANKLIN       )

I, Mark B. Landon, M.D., being first duly sworn, deposes and says the following:

1. I am a Board-Certified obstetrician/gynecologist and maternal fetal medicine specialist licensed to practice medicine in the State of Ohio, and I spend at least 50% of my professional time in the active clinical practice of medicine.

2. I have reviewed all the medical records reasonably available to the plaintiff concerning the allegations contained in the Complaint.

3. I am familiar with the standard of care applicable to Carolyn A. Chambers, M.D. and Mia Knapp, R.N. under the circumstances of their care of Brianna Tower and Elijah Tower.

4. It is my opinion that the standard of care was breached by Carolyn A. Chambers, M.D., and Mia Knapp, R.N. and that said breaches caused injury to and the death of Elijah Tower.

Further Affiant sayeth naught.

_____
Mark B. Landon, M.D.

SWORN TO BEFORE ME and subscribed in my presence this 1st day of November, 2023.

_____
Notary Public

SUSAN K DUPONT
Notary Public
State of Ohio
My Comm. Expires
February 3, 2028